UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
EVANSVILLE DIVISION

| | |
|---|---|
| MICHELE WILL | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) CAUSE NO.: 3:21-cv-127 |
| | ) |
| DEACONESS WOMEN'S HOSPITAL | ) |
| OF SOUTHERN INDIANA, LLC | ) |
| d/b/a TRI-STATE PERINATOLOGY | ) |
| | ) |
| Defendant. | ) |

**COMPLAINT AND JURY DEMAND**

**I. NATURE OF THE CASE**

1. This is an action brought by Plaintiff, Michele Will ("Will"), by counsel, against Defendant, Deaconess Women's Hospital of Southern Indiana, LLC d/b/a Tri-State Perinatology ("Defendant"), for violating the Age Discrimination in Employment Act ("ADEA"), as amended, 29 U.S.C. § 621 *et. seq;* Americans with Disabilities Act ("ADA"), as amended, 42 U.S.C. §12101 *et. seq*; and the Family and Medical Leave Act of 1993, ("FMLA"), as amended, 29 U.S.C. §2601 *et. seq*.

**II. PARTIES**

2. Will is a resident of Vanderburgh County, Indiana, who at all times relevant to this action, resided within the geographical boundaries of the Southern District of Indiana.

3. Defendant routinely conducts business within the geographical boundaries of the Southern District of Indiana.

**III. JURISDICTION AND VENUE**

1

4. Jurisdiction is conferred on this Court over the subject matter of this litigation pursuant to 28 U.S.C. § 1331; 28 U.S.C. § 1343; 29 U.S.C. § 626; and 42 U.S.C. §12117.

5. Defendant is an "employer" as that term is defined by 29 U.S.C. § 630(b); 42 U.S.C. §12111(5)(A); 29 U.S.C. §2611(4), and

6. Plaintiff, at all times relevant, was an "eligible employee" as that term is defined by 29 U.S.C. §2611(2).

7. Plaintiff was an "employee" as that term is defined by 29 U.S.C § 630(f) and 42 U.S.C. §12111(4).

8. Plaintiff satisfied her obligation to exhaust her administrative remedies having timely filed a Charge of Discrimination with the U.S. Equal Employment Opportunity Commission against Defendant alleging Discrimination based on her Age. Will received the required Notice of Suit Rights and timely files this action.

9. A substantial part of the events, transactions, and occurrences relevant to this lawsuit arose within the geographical environs of the Southern District of Indiana; thus, venue is proper in this Court.

## IV. FACTUAL ALLEGATIONS

10. Will began working for Deaconess Women's Hospital of Southern Indiana, LLC on May 2, 2008.

11. Will transferred to Tri-State Perinatology in or about 2018 and accepted a position as an Office Assistant.

12. Throughout the entirety of her employment tenure, she met or exceeded all legitimate job performance expectations.

13. Will is 59 years old and suffers from scoliosis, fibromyalgia, and osteoarthritis.

14. As an Office Assistant, Will's direct supervisor was, Jaymie Almon ("Almon"), Office Manager.

15. At the outset of Will's employment, Almon made it clear that she only wanted to hire and include in her department younger employees. Almon encouraged an environment of partying and many of the older employees in the office voiced concerns of being excluded.

16. In or about June 2020, Will required an epidural/steroid injections due to her disabilities.

17. On or about June 11, 2020, Will requested Family Medical Leave ("FMLA") in order to receive epidural/steroid injections. Will requested and received approval from Defendant's Human Resources for FMLA.

18. On or about June 12, 2020, Almon approached Will – in front of the entire office and patients – and began to berate her publicly.  Almon began to publicly discuss Almon's FMLA and asked her how long she was going to take FMLA.

19. Almon concluded her attack by stating that, "If you can't do your job, you need to quit."

20. Will was humiliated and walked out of the work area to go to the medical records department, before leaving she notified her co-worker Maria Jackson that she was going to medical records.

21. After leaving the office, Will called and spoke with Christie Hunt ("Hunt"), in Defendant's Human Resources.

22. Hunt acknowledged that Almon should have never spoken that way to Will.  Will asked Hunt to speak with Andrea Baker ("Baker"), Surgical Services Director, she oversaw Hunt, about the situation; however, Hunt called her back and said that Baker could not speak with her since it was not her Department.

23. Will then returned to the office to finish her workday. When she returned, she found Almon and two younger employees – Maria Jackson ("Jackson") and Stephanie Meadors ("Meadors") – in her workspace and going through her computer

24. Both Jackson and Meadors had previously harassed and bullies Will due to her age and disabilities.

25. When Almon, Jackson, and Meadors saw Will they stated "Oh, we thought you skipped out." Will completed her workday and then went and spoke to Hunt in-person.

26. Hunt stated that she spoke with Almon who admitted to making the above statements to Will.

27. During that period, Will's mother unfortunately passed away. Due to the injections and her mother passing away and the depression associated therewith, Will went out on Short-Term disability leave that was set to expire on September 13, 2020.

28. In or about September 2020, Will and Hunt discussed Will returning to work and transitioning to Long-Term Disability ("LTD") Benefits.

29. Hunt guaranteed Will that she would be eligible for LTD Benefits for up to 5 years – regardless if she was terminated from her employment.

30. On September 16, 2020, Hunt guaranteed this benefit in writing in a letter to Will.

31. On the same day and in the same letter, it stated that Will was resigning from her position.

32. This is untrue as Will was constructively discharged from her position.

33. After her constructive discharge, Will was informed that she was not eligible for LTD Benefits because she had been terminated from her employment.

34. Will was replaced with a younger individual after her termination.

35. Defendant's reason for termination is pretext for Age and Disability Discrimination.

36. Will has suffered damages as a result of Defendant's actions.

## V. CAUSES OF ACTION

### COUNT I: AGE DISCRIMINATION

37. Plaintiff hereby incorporates paragraphs one (1) through thirty-six (36) of her Complaint.

38. Defendant discriminated against Will by subjecting her to disparate treatment on the basis of her age.

39. Will's employment was terminated because of her age.

40. Defendant's actions were intentional, willful, and in reckless disregard of Will's rights as protected by the Age Discrimination in Employment Act ("ADEA"), as amended, 29 U.S.C. § 621 *et. seq.*

41. Will has suffered damages as a result of Defendant's actions.

### COUNT II: DISABILITY DISCRIMINATION

42. Plaintiff hereby incorporates paragraphs one (1) through forty-one (41) of her Complaint.

43. Defendant discriminated against Will on the basis of her disability by subjecting her to disparate treatment.

44. Defendant discriminated against Will on the basis of her disability by failing to engage in the interactive process in good faith and, as a result, denying her a reasonable accommodation.

45. Defendant's actions were intentional, willful and in reckless disregard of Will's legally protected rights as protected by the Americans with Disabilities Act, as amended, 42 U.S.C. §12101 *et. seq.*

46. Will has suffered damages as a result of Defendant's actions.

### COUNT III: FMLA INTERFERENCE

47. Plaintiff hereby incorporates paragraphs one (1) through forty-six (46) of her Complaint.

48. Defendant unlawfully interfered with the exercise of Will's rights under the FMLA.

49. Defendant's actions were intentional, willful, and in reckless disregard of Will's rights as protected by the FMLA.

50. Will suffered damages as a result of Defendant's unlawful actions

### COUNT IV: FMLA RETALIATION

51. Plaintiff hereby incorporates paragraphs one (1) through fifty (50) of her Complaint.

52. Will engaged in a protected activity under the FMLA when she requested leave. Defendant retaliated against Will for exercising her rights under the FMLA.

53. Defendant's actions were intentional, willful, and in reckless disregard of Will's rights as protected by FMLA.

54. Will suffered damages as a result of Defendant's unlawful actions

### COUNT IV: FMLA BREACH OF CONFIDENTIALITY

55. Plaintiff hereby incorporates paragraphs one (1) through fifty-four (54) of her Complaint.

56. Pursuant to 29 C.F.R. § 825.500, Will's, "Records and documents relating to certifications, recertifications or medical histories of employees or employees' family members, created for purposes of FMLA, shall be maintained as confidential medical records in separate files/records from the usual personnel files."

57. Defendant breached said confidentiality and interfered with Will's rights as protected by the FMLA.

58. Defendant's actions were intentional, willful, and in reckless disregard of Will's rights as protected by FMLA.

59. Will suffered damages as a result of Defendant's unlawful actions

## VI. REQUESTED RELIEF

WHEREFORE, Plaintiff, Michele Will, by counsel, respectfully requests that this Court find for Plaintiff and:

1) Permanently enjoin Defendant from engaging in any employment policy or practice that discriminates against any employee on the basis of his/her age and/or disability;

2) Reinstate Plaintiff to the position, salary, and seniority level she would have enjoyed but for Defendant's unlawful employment actions, or award her front pay in lieu thereof;

3) Order that Plaintiff be awarded any back pay she would have earned, including fringe benefits with related money benefits and interests thereon, absent Defendant's unlawful acts;

4) All wages, benefits, compensation, and other monetary loss suffered as a result of Defendants' unlawful actions;

5) Award Plaintiff compensatory damages for Defendant's violations of the ADA;

6) Award Plaintiff punitive damages for Defendant's violations of the ADA;

7) Award Plaintiff liquidated damages for Defendant's violations of the ADEA;

8) Award the Plaintiff her attorney fees, litigation expenses, and costs incurred as a result of this action;

9) Award Plaintiff pre- and post judgement interest on all sums recoverable; and

10) Grant such other relief as may be just and proper.

Respectfully submitted,
BIESECKER DUTKANYCH & MACER, LLC
By: */s/ Taylor Ferguson*_____
Kyle Biesecker, Atty. No. 24095-49
Lauren Berger, Atty No. 29826-19
Taylor Ferguson, Atty. No. 35524-22
144 North Delaware Street
Indianapolis, Indiana 46204
Telephone: (317) 991-4765
Facsimile: (812) 424-1005
Email: kfb@bdlegal.com
       lberger@bdlegal.com
       Tferguson@bdlegal.com
*Attorneys for Plaintiff*

## DEMAND FOR JURY TRIAL

Plaintiff, Michele Will, by counsel requests a trial by jury on all issues deemed so triable.

Respectfully Submitted,
BIESECKER DUTKANYCH & MACER, LLC
By: */s/ Taylor Ferguson*_____
Kyle Biesecker, Atty. No. 24095-49
Lauren Berger, Atty No. 29826-19
Taylor Ferguson, Atty. No. 35524-22
144 North Delaware Street
Indianapolis, Indiana 46204
Telephone: (317) 991-4765
Facsimile: (812) 424-1005
Email: kfb@bdlegal.com
       lberger@bdlegal.com
       Tferguson@bdlegal.com
*Attorneys for Plaintiff*